UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| CHARLES EARL JONES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 2:04CV45SNL |
| ) | |
| UNKNOWN CUTT, Corrections Officer, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

*Pro se* prisoner plaintiff has filed this §1983 action asserting that defendant Cutt engaged in retaliatory acts against plaintiff (while plaintiff was incarcerated in the Northeast Correctional Center[1]) for plaintiff's filing of complaints against a fellow officer (C.O. Tommy Greenwall) while plaintiff was incarcerated in the Pemiscot County Jail. This matter is before the Court on defendant Cutt's motion to dismiss (#18), filed March 11, 2005. Responsive pleadings have been filed.

Defendant Cutt contends that plaintiff's complaint should be dismissed for a variety of reasons: 1) failure to exhaust administrative remedies pursuant to the Prison Litigation Reform Act (PLRA), 42 U.S.C. §1997e; 2) plaintiff's complaint fails to comport with the pleading requirements of Rules 8 and 10 Federal Rules of Civil Procedure; 3) defendant is entitled to qualified immunity; 4) the Eleventh Amendment bars plaintiff's claim for damages against defendant Cutt; 5) plaintiff has failed to state an Eighth Amendment violation; and 6) plaintiff has

---

[1]Commonly referred to as NECC.

failed to state a Fourteenth Amendment violation for any clearly established statutory or constitutional right.

After careful consideration of the matter, the Court will grant defendant Cutt's motion to dismiss because plaintiff has failed to properly exhaust his administrative remedies. Furthermore, even if plaintiff had properly exhausted his administrative remedies, plaintiff's claim is barred by the Eleventh Amendment because it appears that he has sued defendant Cutt in defendant's official capacity.

A prisoner cannot bring a §1983 action before exhausting available administrative remedies. 42 U.S.C. §1997e(a). When multiple claims have been joined in a lawsuit, §1997e's plain language requires exhaustion as to all claims. T.W. Johnson v. Jones, 340 F.3d. 624 (8th Cir. 2003); Kozohorsky v. Harmon, 332 F.3d. 1141, 1143 (8th Cir. 2003). Furthermore, exhaustion requires a prisoner plaintiff to exhaust each and every claim against each named defendant prior to filing suit. Dismissal is proper where a prisoner plaintiff did not file and exhaust a grievance against a named defendant before commencing a lawsuit. *See*, Coleman v. Kemna, 83 Fed.Appx. 140 (8th Cir. 2003)(unpublished); Grady v. D. Cross, 76 Fed.Appx. 760 (8th Cir. 2003)(unpublished); Love v. May, 63 Fed.Appx. 282 (8th Cir. 2003)(unpublished).

In the present case, it is undisputed that plaintiff has never filed or attempted to file any IRR[2] against defendant Cutt concerning any of the alleged retaliatory acts. *See*, Affidavit of Darla Wilson (Grievance Officer/Litigation Coordinator at Northeast Correctional Center). Plaintiff concedes that he did not file any of the requisite IRRs regarding defendant Cutt claiming that an unidentified defendant did not provide him with the forms; therefore, he "as a Citizen of the

---

[2]Informal Resolution Request

United States And The State Of Missouri has The Option To File On Any Standard Stationary, Or Make the Grievance Verbally . . .". Plaintiff's Response (#12), pgs. 3 and 5. Plaintiff has failed to provide any evidence or record that he filed any grievances against defendant Cutt, even on "standard stationary". Furthermore, by his own account, plaintiff was quite capable of lodging written grievances against other individuals with various departments throughout the Missouri Department of Corrections; yet, none of these other written grievances involved defendant Cutt. Thus, plaintiff has failed to adequately exhaust his administrative remedies as to his claim of retaliation against defendant Cutt, and his complaint will be dismissed without prejudice.

Furthermore, even if he had properly exhausted his administrative remedies, his claim against defendant Cutt must still fail.

Public servants, such as police officers and state correctional officers may be sued under §1983 in either their official capacity, their individual capacity, or both. Johnson v. Outboard Marine Corporation, 172 F.3d. 531, 535 (8th Cir. 1999); Lopez-Buric v. Notch, et. al., 168 F.Supp.2d. 1046, 1049 (D.Minn. 2001). In actions against such public servants, a plaintiff must specifically plead individual capacity in order put the public servant on notice of personal liability. Andrus v, Arkansas, 197 F.3d. 953 (8th Cir. 1999). In order to sue a public servant (or in this case, an individual state correctional officer) in his/her individual capacity, "a plaintiff must expressly and unambiguously state so in the pleadings, otherwise, it will be assumed that the defendant is sued only in his or her official capacity.". Johnson, at 535 *citing* Artis v. Francis-Howell North Band Booster Ass'n, Inc., 161 F.3d. 1178, 1182 (8th Cir. 1998); Lansdown v. Chadwick, 152 F.Supp.2d. 1128, 1137-38 (W.D.Ark. 2000) *aff'd* 258 F.3d. 754 (8th Cir. 2001). In order to meet this pleading requirement, a §1983 plaintiff need only to state somewhere in the complaint that the plaintiff "sues each and all defendants

in both their individual and official capacities." Lopez-Buric, at 1050 *quoting* Nix v. Norman, 879 F.2d. 429, 431 (8th Cir. 1989). Absent such an express statement, the suit is construed as being against the public servant defendants as being against them in their official capacity; and as such, is merely a suit against their governmental employer itself. Bankhead v. Knickrehm, 360 F.3d. 839, 844 (8th Cir. 2004); Johnson, at 535; Lopez-Buric, at 1049.

In the instant action, plaintiff has failed to include any language in his complaint evidencing a clear and unambiguous intent to sue defendant Cutt in his individual capacity. The caption simply states "Unknown Cutt, Corrections Officer". Nowhere in the complaint does the plaintiff elaborate as to the capacity in which defendant Cutt is being sued. Since plaintiff has not clearly and equivocally indicated that defendant Cutt is being sued in his individual capacity, then the Court must presume that he is being sued in his official capacity only.

The Eleventh Amendment bars suits in federal court against a state or one of its agencies, unless there is consent to be sued. Pennhurst State School & Hospital v. Halderman, 465 U.S. 89, 100 (1984). A suit against a public servant in his/her official capacity is considered to be a suit against the state or the state agency. Hafer v. Melo, 502 U.S. 21, 25 (1991); Brandon v. Holt, 469 U.S. 464 (1985). Thus, the Eleventh Amendment bars a §1983 claim for damages against state officials acting in their official capacity. Andrus v. State of Arkansas, et. al., 197 F.3d. 953, 955 (8th Cir. 1999).[3] Since plaintiff is suing defendant Cutt for damages in his official capacity only, such suit is barred under the Eleventh Amendment.

---

[3]The Eleventh Amendment does not bar official-capacity claims for injunctive relief against state officials. Ex Parte Young, 209 U.S. 123 (1908); Andrus, at 955.

Since plaintiff's §1983 claim of retaliation against defendant Cutt is barred for failure to exhaust administrative remedies and/or is barred under the Eleventh Amendment, the Court finds no need to address the defendant's additional grounds for dismissal.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Cutt's motion to dismiss (#18) be and is **GRANTED.** Plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE** in its entirety as to the only remaining defendant C.O. Cutt. No further action shall be taken in this case.

Dated this 23rd day of June, 2005.

_____
SENIOR UNITED STATES DISTRICT JUDGE